IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN W. RUPP, in his capacity as Trustee for the bankruptcy estate of CROCKER COMPANIES, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>BANK ONE, UTAH, N.A.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON MOTIONS IN LIMINE<br><br>Case No. 2:03-CV-801 TS<br><br>Judge Ted Stewart |

This matter is before the Court for consideration of nine Motions in Limine, two filed by Defendant and seven filed by Plaintiff. The Court has considered the arguments presented and rules as follows.

## I. MOTIONS IN LIMINE

### A. Defendant's Motion in Limine to Exclude Evidence Regarding Bank One's Remedial Procedures

Defendant argues that evidence that Defendant implemented additional remedial procedures after the transfer of funds at issue should be barred under Rule 407 of the Federal Rules of Evidence. Plaintiff concedes that it cannot offer such evidence for the purposes prohibited by Rule 407 but

states that it may offer such evidence for other purposes. The Court will grant this Motion inasmuch as evidence is offered for reasons clearly in violation of Rule 407 and will deny it inasmuch as evidence is offered for some other purpose. The Court emphasizes that the "other purpose" must be a relevant purpose. The Court will provide brief instruction to counsel as to what the Court views the most relevant issues of fact before the Court below.

B. Defendant's Motion in Limine to Exclude Expert Testimony of Steven Drew Roberts

Defendant argues that testimony of this expert is not relevant because Bank One is no longer asserting the commercially reasonable defense provided for under Utah Code Ann. § 70A-4a-202(2). Plaintiff argues that whether or not Bank One's procedures were commercially reasonable is still relevant to Defendant's determination that the caller was actually Billie Crocker. The Court finds that the statute at issue does not conflate commercial reasonableness and identity, and thus, neither should the Court in the upcoming trial. The Court will grant this Motion. However, the Court will revisit this issue if Defendant attempts to rely upon the "commercial reasonableness" of its practices as any part of its defense.

C. Plaintiff's Motion in Limine to Exclude Evidence Concerning Bank One's Defenses of Waiver, Estoppel, Laches, Failure to Mitigate, Unclean Hands and Contributory Negligence

This Motion is based on the argument that Article 4A preempts these common law remedies. In response, Defendant states that it has no intent of invoking any of these equitable doctrines other than that of unclean hands. The Court, therefore, finds Plaintiff's attempt to limit these other doctrines moot, and the Court will limit its discussion to the doctrine of unclean hands. The doctrine

of unclean hands allows courts to deny a party equitable relief "who has engaged in fraud or deceit in the business under consideration . . . when fairness and good conscience so demand." Hone v. Hone, 95 P.3d 1221, 1223 (Utah Ct. App. 2004) (quoting Jacobson v. Jacobson, 557 P.2d 156, 158 (Utah 1976)). Both parties seem to recognize that under Article 4A of the UCC, principles of law or equity outside of Article 4A that are inconsistent with Article 4A are preempted by the statutory scheme. The Court finds that Article 4A does not provide the Court this discretion sought by Defendant and that if it were added, it would upset the statutory scheme provided by the legislature in Utah Code Ann. § 70A-4a-202. The Court will therefore grant Plaintiff's Motion to the extent it attempts to supplement the statutory defenses with the equitable defense of unclean hands. The court will revisit this issue if it is subsequently convinced that this ruling would lead to an "absurd result."

D. Plaintiff's Motion in Limine Regarding Mr. Ogden and Invocation of the Fifth Amendment

The parties do not dispute that Mr. Ogden could be called to testify even if it is expected that he will invoke his Fifth Amendment rights and refuse to answer. The parties also agree that the Court may draw inferences in this civil proceeding if Mr. Ogden invokes his right to refuse to answer. What is in dispute is the inference, if any, that should be drawn by the Court. The Court is unable to make that determination with the facts presently before it. The issue of what inference should be drawn is a highly factual issue. However, the Court grants Plaintiff's Motion to the extent is asks the Court to determine that Mr. Ogden can be called to testify and that it is appropriate for the Court to consider what, if any, inference it should draw from his decision not to testify.

E. Plaintiff's Motion in Limine to Exclude Evidence Concerning Bank One's Defenses of Joint Enterprise

In order for the evidence at issue to be relevant, the Court looks to the statutory defenses set forth in Utah Code Ann. § 70A-4a-202, specifically, the Court must determine how the law of joint venture relates to that of agency. Under Utah law, "[a] joint venture is subject to the same rules as a partnership." Kemp v. Murray, 680 P.2d 758, 759 n.1 (Utah 1984). Utah Code section 48-1-6 provides that "[e]very partner is an agent of the partnership for the purposes of its business, and the act of every partner . . . binds the partnership . . .." As a matter of formal inference, the Court, therefore, finds that evidence of a joint venture, is evidence of an agency relationship. The Court will therefore deny Plaintiff's Motion.

F. Plaintiff's Motion in Limine to Exclude Evidence Irrelevant to Allegation of Agency Relationship

This Motion asks the Court to limit evidence that shows transactions taking place between City Title and Empire Investments. Plaintiff's argument is that these documents are not relevant to agency. As referenced previously, evidence of a joint venture is evidence of an agency relationship, which is a defense available to Defendant under Utah Code Ann. § 70A-4A-202. The transactions Plaintiff attempts to limit are at least probative to whether a joint venture exists. A joint venture may be proven by the conduct of parties. Rogers v. M.O. Bitner Co., 738 P.2d 1029, 1032 (Utah 1987). On this basis, the Court will deny Plaintiff's Motion. The Court notes, however, that numerous transactions alone may not be sufficient evidence to establish a joint venture.

G. Plaintiff's Motion in Limine to Exclude Evidence Irrelevant to Allegation of Identity

The Court finds that the transactions between Empire Investments and City Title are probative of an agency relationship, as discussed above. Furthermore, to the extent that the evidence at issue is not probative of an agency relationship, it would go to the identity of the caller, which is an alternative defense afforded to Defendant under Utah Code Ann. § 70A-4A-202. The Court will, therefore, deny Plaintiff's Motion.

H. Plaintiff's Motion in Limine for Determination that the Trustee is Not Bound by Admission of City Title and To Limit Use of Deposition Testimony of Billie and Shirley Crocker

Plaintiff argues for the exclusion of evidence relating to statements made by Billie and Shirley Crocker. The Court notes that this case was not initiated by Plaintiff but rather by Billie Crocker. Plaintiff only stepped in as a trustee after Ms. Crocker filed bankruptcy. The Court finds that there is no basis to exclude evidence that would have been admissible had Ms. Crocker retained control of this suit. The Court, therefore, denies Plaintiff's Motion.

I. Plaintiff's Motion in Limine for Exclusion of Late-Identified Trial Exhibits

The Court will deny this Motion and will handle these exhibits on an exhibit-by-exhibit basis during the trial. The Court, however, gives counsel the following initial determination that will guide the Court's subsequent decisions regarding these exhibits. First, if it can be shown that an exhibit fell within the scope of Defendant's discovery requests, and such exhibits were not produced, the exhibit will likely be deemed admissible. On the other hand, the admission of documents not originally requested by Defendant during discovery and that have only recently been identified as

exhibits, would be highly prejudicial to Plaintiff. Therefore, such exhibits will likely be excluded unless Defendant is able to show, on an exhibit-by-exhibit basis, that the prejudice suffered by Plaintiff is outweighed by some unfair prejudice suffered by Defendant. Of course, essential to the admission to any such exhibit is the determination that the exhibit at issue has a high probative value to the issues before the Court. To the extent possible, the Court encourages counsel to stipulate to the exclusion and/or admission of as many of the exhibits at issue as possible.

## II. TRIAL MATTERS

The Court desires to put counsel on notice that the Court intends to revisit any of the Court's rulings herein, based on the motion of counsel or otherwise, as it proves necessary during the course of trial.

The Court also wants to impress upon counsel that in the Court's judgment, this case hinges almost entirely on the defenses set forth in Utah Code Ann. § 70A-4A-202. Because Defendant has waived the defense of commercial reasonableness, the Court must determine whether Ms. Crocker authorized the order transferring $530,000 on September 2002, and if not, whether the person who authorized the order was acting as an agent for City Title and/or Ms. Crocker. In the Court's view at this early juncture, the cases of both parties seem to rise or fall on these determinations. The Court is hopeful that counsel will prepare for next week's trial with this in mind.

## III. ORDER

Based on the foregoing, it is therefore

ORDERED that Defendant's Motion in Limine to Exclude Evidence Regarding Bank One's Remedial Procedures [Docket No. 71] is GRANTED IN PART and DENIED IN PART. It is further

ORDERED that Defendant's Motion in Limine to Exclude Expert Testimony of Steven Drew Roberts [Docket No. 69] is GRANTED. It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Concerning Bank One's Defenses of Waiver, Estoppel, Laches, Failure to Mitigate, Unclean Hands and Contributory Negligence [Docket No. 76] is GRANTED as it relates to the doctrine of unclean hands and is otherwise MOOT. It is further

ORDERED that Plaintiff's Motion in Limine Regarding Mr. Ogden and Invocation of Fifth Amendment [Docket No. 65] is GRANTED. It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Concerning Bank One's Defenses of Joint Enterprise [Docket No. 84] is DENIED. It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Irrelevant to Allegation of Agency Relationship [Docket No. 80] is DENIED. It is further

ORDERED that Plaintiff's Motion in Limine to Exclude Evidence Irrelevant to Allegation of Identity [Docket No. 78] is DENIED. It is further

ORDERED that Plaintiff's Motion in Limine for Determination that the Trustee is Not Bound by Admission of City Title and To Limit Use of Deposition Testimony of Billie and Shirley Crocker [Docket No. 82] is DENIED. It is further

ORDERED that Plaintiff's Motion in Limine for Exclusion of Late-Identified Trial Exhibits [Docket No. 74] is DENIED.

DATED this _____ day of July, 2005.

BY THE COURT:

_________________________________
TED STEWART
United States District Judge